Dear Mr. Endom:
This office is in receipt of your request for an opinion of the Attorney General in regard to payment of attorney fees for a criminal defense of a public employee. You indicate a principal of a New Orleans public high school was arrested when she refused to release to child protection authorities a student enrolled at that school. The Superintendent of Schools has found the principal acted in accordance with Board policies and believes the school system should provide for a defense for the principal in this matter. Accordingly, she seeks an opinion as to whether or not it would be permissible for the School Board to pay the attorney's fees on an ongoing basis with the understanding that such funds are to be returned to the school system in the event the school principal is convicted of charges arising from that arrest.
As you recognize, this office has consistently stated that if a public employee is prosecuted for a criminal offense and the prosecution results in an acquittal, dismissal or the charges are quashed, and the alleged offense arose out of the performance of his official function as a public employee, the public body that employees that person may pay the reasonable fees that resulted from the defense against such charges. Atty. Gen. Op. Nos. 91-474, 89-110, 88-98.
However, until charges result in the acquittal or dismissal, these funds would not be available under the prohibition of Article 7, Section 14 of the Louisiana Constitution that prohibits the donation, loan or pledge of public funds. The arrangement contemplated of advancing the fees would constitute a loan even under the presumption of innocence.
We hope this sufficiently answers your question, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 BY: BARBARA B. RUTLEDGE Assistant Attorney General
BBR/0655f